|                                                      |                          |
| ---------------------------------------------------- | ------------------------ |
| UNITED STATES DISTRICT COURT                         |                          |
| DISTRICT OF PUERTO RICO                              |                          |
| UNITED STATES OF AMERICA,                            |                          |
| Plaintiff,                                           | Criminal No. 01-690 (JAF) |
| v.                                                   |                          |
| JUAN M. CRUZADO-LAUREANO,                            |                          |
| Defendants.                                          |                          |

**OPINION AND ORDER**

Juan M. Cruzado-Laureano, former mayor of Vega Alta, Puerto Rico, was convicted by this court of extortion, embezzlement, theft, money laundering, and witness tampering on June 7, 2002. Docket Document Nos. 88, 89. Using the 2000 sentencing guidelines, we first sentenced Cruzado to 63 months in prison on November 8, 2002. Docket Document No. 108. He appealed, and the First Circuit Court of Appeals, holding that we should have used the 2002 sentencing guidelines, remanded the case on April 5, 2005, for a resentencing. United States v. Cruzado-Laureano, 404 F.3d 470 (1st Cir. 2005).

We sentenced Cruzado to 63 months for the second time on May 31, 2005. Docket Document Nos. 195, 196. Cruzado appealed again, and on March 14, 2006, the First Circuit found that although we had properly consulted the 2002 guidelines, we miscalculated an abuse-of-trust enhancement to Cruzado's money laundering count, and remanded for another sentencing correction. United States v. Cruzado-Laureano,

Crim. No. 01-690 (JAF)                                              -2-

440 F.3d 44 (1st Cir. 2006). Our second resentencing hearing will be held on April 10, 2006.

Before the court today is Cruzado's March 30, 2006, motion to disqualify the undersigned under 28 U.S.C. § 455(a). Docket Document No. 230. Section 455(a) states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a)(1993 & Supp. 2005). A judge must assess his own disqualification, and a finding of disqualification is required only if the court finds that a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality. Bravo Santiago v. Ford Motor Company, 206 F. Supp.2d 294, 295 (D.P.R. 2002).

Cruzado makes fifteen arguments as to why a reasonable person would doubt the undersigned's impartiality. The first nine of these arguments, however, already appeared verbatim before this court in Cruzado's April 19, 2005, recusal motion, Docket Document No. 172, which we denied on May 3, 2005, and which he did not successfully appeal. Docket Document No. 180. We proceed to the other arguments Cruzado makes in the present motion.

First, Cruzado complains that the undersigned informed him at his first resentencing hearing that, given the 2002 sentencing guidelines, his second sentence could theoretically end up higher than his first. Docket Document No. 230. A reasonable person would

not doubt the undersigned's impartiality simply because the court explained the sentencing guidelines to a criminal defendant awaiting his sentence.

Second, Cruzado argues that the undersigned showed a bias at the first resentencing hearing when we: (1) barred him from accusing the government of fabricating the entire case against him; (2) barred him from complaining about his trial attorney's incompetence; and (3) barred him from responding to something that the government lawyer said that Cruzado perceived as an insult.  We need not dwell too long on these allegations; a sentencing hearing is not the appropriate venue for discussions like these, and a reasonable person would not find anything unusual about the undersigned limiting the hearing to relevant business.

Finally, Cruzado complains that the undersigned has shown bias by: (1) ruling that he owed Vega Alta restitution for his crimes; (2) denying his latest bail motion; and (3) imposing a two-point abuse-of-trust sentence enhancement at the first resentencing hearing.  We refuse to accept the argument that a reasonable person would view the undersigned as biased against Cruzado simply because he has issued rulings that Cruzado disagrees with.  See In re United States, 158 F.3d 26, 29 (1st Cir. 1998)(stating that recusal requires "more than subjective fears, unsupported accusations, or unfounded surmise").

Crim. No. 01-690 (JAF)                                                          -4-

Instead of justifying recusal, the aforementioned rulings could be appealed to the First Circuit Court of Appeals, a fact of which Cruzado is clearly aware, given that he has filed several appeals throughout this prosecution, the last being the unsuccessful bail denial appeal on March 21, 2006. Docket Document No. 226; see also Docket Document No. 231 (court of appeals refused to set aside our bail determination). Cruzado also appealed the abuse-of-trust sentence enhancement on June 1, 2005, Docket Document No. 191, and as already noted, supra, the First Circuit ruled in his favor on March 14, 2006, Docket Document No. 222, which is why we are convening a hearing on April 10, 2006, to correct his sentence.

In accordance with the foregoing, we **DENY** Cruzado's motion to disqualify pursuant to 28 U.S.C. § 455(a).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 7th day of April, 2006.

                                        S/José Antonio Fusté
                                         JOSE ANTONIO FUSTE
                                         U. S. District Judge