UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JUAN M. CRUZADO-LAUREANO,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 09-2303 (JAF)

(Crim. No. 01-690)

**OPINION AND ORDER**

Petitioner, Juan M. Cruzado-Laureano, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his constitutional rights to due process and effective assistance of counsel. (Docket Nos. 1; 14.) The Government opposes. (Docket Nos. 17; 24.)

**I.**

**Factual and Procedural Summary**

We draw the following narrative from Petitioner's motion, Petitioner's supporting memorandum, the Government's Response, and Petitioner's corresponding Response in Opposition. (Docket Nos. 1; 14; 17; 24.) Petitioner is the former mayor of the municipality of Vega Alta. "On January 25, 2002, a federal grand jury returned a superseding indictment that charged him with a number of crimes tied to abuse of his public office, including extortion, embezzlement, theft, money laundering, and witness tampering." United States v. Cruzado-Laureano (Cruzado I), 404 F.3d 470, 473 (1st Cir. 2005). On June 7, 2002, a jury returned a verdict of guilty for the following charges:

Civil No. 09-2303 (JAF) -2-

> [O]ne count of embezzlement from a program receiving federal funds, 18 U.S.C. § 666(a)(1)(A)(i) and (a)(1)(A)(ii); five counts of extortion, id. § 1951(a); five counts of money laundering, id. § 1956(a)(1)(B)(i) and (a)(1)(B)(ii) ; and one count of tampering with witnesses, id. § 1512(b)(1) and (b)(2).

Id.; (Crim No. 01-690, Docket Nos. 88; 89).

On November 13, 2002, this court sentenced Cruzado to sixty-three months of imprisonment, along with a supervised release term of three years. Cruzado I, 404 F.3d at 480; Id., Docket No. 110 at 3). We also imposed a "$10,000 fine, and subsequently ordered Cruzado to pay restitution in the amount of $14,251.82." United States v. Cruzado-Laureano (Cruzado III), 527 F.3d 231, 233 (1st Cir. 2008). On April 26, 2006, following two appeals and remands for re-sentencing, this court held a third sentencing hearing and "again imposed a 63-month term and also re-imposed the same restitution ($ 14,251.82) and fine ($ 10,000)." Id. The First Circuit affirmed the sentence in Petitioner's third direct appeal, on June 4, 2008. Id. at 234. The Supreme Court denied certiorari on January 12, 2009. Cruzado-Laureano v. United States, 129 S. Ct. 970 (2009). Petitioner's supervised release term expired on December 30, 2009, and Petitioner filed the present petition seeking relief under § 2255 on December 31, 2009. (Docket No. 24 at 1–2.) Petitioner argues that if no jurisdiction lies under § 2255, we should treat this action as a petition for a writ of error coram nobis under the All Writs Act. (Docket No. 1 at 1 n.1). See 28 USC § 1651(a).

## II.

## **Standards for Relief**

### A. <u>28 U.S.C. § 2255</u>

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. <u>See</u> 28 U.S.C. § 2255. In such a situation, a petitioner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." <u>See</u> § 2255(b).

### B. **Writ of Error Coram Nobis**

A writ of error coram nobis offers a last chance to a petitioner who, after being released from federal custody, can no longer attack his conviction on direct appeal or seek habeas relief. <u>Trenkler v. United States</u>, 536 F.3d 85, 98 (1st Cir. 2008) ("[C]oram nobis, in its modern form, is ordinarily available only to a criminal defendant who is no longer in custody."); <u>Fleming v. United States</u>, 146 F.3d 88, 89–90 (2d Cir. 1998) (citing 28 U.S.C. § 1651(a)). Generally, the scope of relief available to a coram nobis petitioner mirrors that available under § 2255. <u>Howard v. United States</u>, 962 F.2d 651, 653 (7th Cir. 1992); <u>United States v. Ayala</u>, 894 F.2d 425, 429 n.7 (D.C. Cir. 1990). An extraordinary common-law writ such as coram nobis is "available only to fill whatever interstices exist in the post-conviction remedial scheme made available to federal prisoners by way of section 2255." <u>Trenkler</u>, 536 F.3d at 97; <u>see id.</u> at 93–95 (discussing history and modern role of coram nobis).

"[T]he writ of coram nobis is an unusual legal animal that courts will use to set aside a criminal judgment of conviction only 'under circumstances compelling such action to achieve justice.'" <u>Hager v. United States</u>, 993 F.2d 4, 5 (1st Cir. 1993) (citing <u>United States v. Morgan</u>,

346 U.S. 502, 511 (1954)). Before a court may grant the writ, a petitioner must: (1) explain why he "did not earlier seek relief from the judgment;" (2) show he "continues to suffer significant collateral consequences from the judgment;" and (3) demonstrate "that an error of 'the most fundamental character'" occurred, tainting the judgment. Id. The Supreme Court has found it "difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429, (1996). We find that Petitioner has failed to make the required showing.

### III.

### Analysis

For the reasons discussed below, we find that Petitioner fails to meet the standard for relief under both § 2255 and the writ of error coram nobis. Petitioner alleges that his conviction suffered from three constitutional infirmities: (1) his prosecution was politically motivated, violating his due process rights; (2) his trial and appellate counsel[1] failed to provide representation meeting the minimum standards of the Sixth Amendment guarantee of effective assistance of counsel. (Docket Nos. 1; 14.) Id.

**A.  § 2255**

In the present case, Petitioner cannot seek relief under § 2255 because he is no longer "in custody;" his supervised release term ended a day before he filed this petition, and a mere "monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes." United States v. Michaud (Michaud I), 901 F.2d 5, 6 (1st Cir. 1990). As we

---

[1] We note at the outset how unusual it is that Petitioner's current counsel, Alexander Zeno, would bring a collateral appeal alleging that his own representation on past appeals was deficient, and how curious it is that Petitioner continues to retain him as counsel after Zeno has claimed that he performed inadequately.

have no jurisdiction over Petitioner's § 2255 petition, we must reject his request to conduct discovery under Rule 6 of the Rules Governing Section 2255.[2]

**B.      Coram Nobis**

We find that Petitioner has failed to allege any "significant, continuing collateral consequences flowing from his conviction." Hager, 993 F.2d at 5. For the reasons discussed below, we find that Petitioner has not met the second prong of the three-pronged test for coram nobis relief discussed above in Part II.B., and do not decide whether he has met the other two prongs.[3]

     **1.      Significant Collateral Consequences**

We begin by discussing what post-conviction consequences qualify as "significant collateral consequences" under the second prong of the coram nobis test. Here, Petitioner has only alleged that he was convicted, completed his term of imprisonment and supervised release, and has an outstanding financial obligation. The First Circuit has not yet spoken explicitly on whether a past conviction and pecuniary penalty alone might constitute the significant, continuing collateral consequences required to grant coram nobis relief. See United States v. Michaud (Michaud II), 925 F.2d 37, 39 n.1 (1st Cir. 1991) (declining to define collateral

---

[2] Petitioner seeks discovery to support his bare-bones selective prosecution claim, but forgets that even petitioners eligible for habeas relief are not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 138 (1997). Petitioner is merely requesting "broad-scale discovery in hopes of establishing his claim, and requested what would have amounted to a full-scale evidentiary hearing. . . ." Even if we could grant § 2255 relief, we would decline to permit such a "fishing expedition." De Vincent v. United States, 632 F.2d 145, 146 (1st Cir. 1980).

[3] We note that based on our review of the record, we doubt he would be able to pass the third prong of the coram nobis test; his substantive claims lack merit, and would not show that a fundamental error tainted his conviction. In a coram nobis proceeding, we presume "the proceedings were correct and the burden rests on the accused to show otherwise." Morgan, 346 U.S. at 511–12 (internal quotation marks omitted).

consequence requirement in the First Circuit and noting circuit split). In <u>Hager v. United States</u>, however, the First Circuit affirmed the denial of coram nobis relief to a petitioner who had been sentenced to one year of unsupervised probation and a $75,000 fine, because he had not shown any such "significant, continuing collateral consequences flowing from his conviction," apart from the conviction or obligation to pay the fine. 993 F.2d at 5. On the other hand, the First Circuit has assumed that "any such requirement" of collateral consequences could be satisfied by a <u>contempt citation</u>—an entry of judgment going beyond his initial sentence and fine—entered due to petitioner's failure to pay "a $ 60,000 fine levied as part of his sentence." <u>Michaud II</u>, 925 F.2d at 39 n.1.

In <u>United States v. Morgan</u>, the Supreme Court offered two examples of collateral consequences that would merit coram nobis relief, namely the loss of civil rights or an enhanced penalty in a subsequent conviction, such as the longer term of imprisonment that the <u>Morgan</u> petitioner had to serve because of his prior conviction. 346 U.S. at 512–13. But Petitioner alleges neither enhanced subsequent convictions nor loss of a civil right, and circuits differ as to whether his financial burden could constitute a sufficient significant collateral consequence.

On one hand, "[t]he Courts of Appeals for the Ninth Circuit and the Fourth Circuit apparently assume that any conviction necessarily leads to continuing legal consequences for purposes of coram nobis relief." <u>Fleming</u>, 146 F.3d at 91 n.3(citing <u>United States v. Walgren</u>, 885 F.2d 1417, 1421–22 (9th Cir. 1991); <u>United States v. Mandel</u>, 862 F.2d 1067, 1075 & n.12 (4th Cir. 1988); <u>Hirabayashi v. United States</u>, 828 F.2d 591, 606–07 (9th Cir. 1987). The Ninth Circuit embraces the "presumption that collateral consequences flow from any criminal conviction," and has held that even a misdemeanor could carry collateral consequences, because

every "judgment of misconduct has consequences for which one may be legally or professionally accountable." Walgren, 885 F.2d at 1421 (citing Hirabayashi, 828 F.2d at 606). On the other hand, the Second Circuit has rejected "such an open-ended approach [as] inconsistent with the Supreme Court's admonition in Morgan that coram nobis relief is to be treated as an 'extraordinary remedy,'" Fleming, 146 F.3d at 91 n.3 (quoting 346 U.S. at 511).

The Seventh Circuit has not only rejected the Ninth Circuit's approach, but has also repeatedly declined to grant coram nobis relief based on post-conviction economic grievances, finding that consequences such as a fine or difficulty finding employment cannot satisfy the second prong as they do not raise a "concrete threat that an erroneous conviction''s lingering disabilities will cause serious harm to the petitioner." United States v. Craig, 907 F.2d 653, 658–59 (7th Cir. 1990) (declining to grant coram nobis writ on the basis of economic post-conviction consequences such as ouster from pension plan or disbarment; see also United States v. Bush, 888 F.2d 1145, 1149 (7th Cir. 1989) (rejecting reputation injury and difficulty in obtaining employment as satisfactory continuing legal disabilities). Specifically, the Seventh Circuit has found that "an order of restitution is no different than an award of damages in civil litigation," and constitutes a "'sunk cost rather than a continuing disability'" for coram nobis purposes. United States v. Sloan, 505 F.3d 685, 697 (7th Cir. 2007).

We find more persuasive the position taken by the Second and Seventh Circuit; their ban on "purely speculative harms" falls in line with the First Circuit's reasoning in Hager. A finding that all convictions inherently carry adverse collateral consequences based on speculative future harms would reduce the second prong of the coram nobis test to a mere formality. If the mere allegation of a prior conviction or obligation to pay a financial penalty could satisfy the

collateral consequences requirement, every coram nobis petitioner would, by definition, be able to satisfy the second prong.

Like the defeated coram nobis seeker in Hager, our Petitioner has failed to allege any collateral consequences separate from his conviction and financial obligation and, thus, fails the second prong of the coram nobis test. In so deciding, we join our sister district courts in finding that bare-bones allegations of a conviction and financial obligations, without more, cannot constitute the significant collateral consequences required for a grant of coram nobis relief. See United States v. Iacaboni, 592 F. Supp. 2d 216, 221 (D. Mass. 2009) (citing United States v. Sloan, 505 F.3d 685, 697) (discussing circuit split and finding that "the weight of authority seems to hold than an ongoing financial requirement, such as Defendant's [financial] obligation here, does not constitute a continuing 'significant collateral consequence.'"); cf Lara v. United States, No. 05-287-ML, 2006 U.S. Dist. LEXIS 5031 at *12 (D.R.I. January 20, 2006) (assuming, without deciding, petitioner could challenge his restitution obligations in a coram nobis petition, but denying relief when he showed no "collateral consequences of the Court's imposition of restitution, apart from the continuing restitution obligation itself"). Nothing about Petitioner's sentence, fine, and restitution order has implicated the extraordinary ongoing consequences necessary for coram nobis relief.[4]

---

[4] Parallel § 2255 jurisprudence supports this conclusion. A "writ of error coram nobis affords the same general relief as a writ of habeas corpus." See Howard v. United States, 962 F.2d at 653. The First Circuit has held that a § 2255 petitioner may not "challenge his monetary obligation in a collateral attack." Smullen v. United States, 94 F.3d 20, 25–26 (1st Cir. 1996) (citing Michaud I, 901 F.2d at 7). Petitioner, who filed this petition styled as one seeking § 2255 relief, should not be allowed to game the system and attack his financial obligations— a challenge forbidden to § 2255 petitioners—simply because he waited until one day after his custody ended.

## IV.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

More than eight years have passed since Petitioner's conviction, which still stands despite three prior direct appeals. He has already completed his supervised release term, yet continues to waste judicial resources bringing frivolous arguments. Petitioner and counsel have horsed around long enough; we remind Petitioner that this court possesses "discretionary powers to regulate the conduct of abusive litigants. . . .," including the power to enjoin Petitioner "from filing frivolous and vexatious motions" related to this conviction in the future. United States v. Gomez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005) (internal quotation marks omitted) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993)).

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). We **DENY** Petitioner's "Request for Permission to Conduct Discovery." (Docket No. 12.) Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief in this court.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 2nd day of November, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge